# 23-300

## United States Court of Appeals for the Second Circuit

GOKHVAT HOLDINGS LLC,

*Plaintiff-Appellant,*

v.

U.S. BANK NATIONAL ASSOCIATION, Successor Trustee to Bank of America, National Association As Successor By Merger to LaSalle Bank NA As Trustee For Washington Mutual Mortgage PassThrough Certificates Wamu Series 2007OA4 Trust and BANK OF AMERICA NATIONAL ASSOCIATION, As Successor By Merger To LaSalle Bank NA As Trustee For Washington Mutual Mortgage PassThrough Certificates WAMU Series 2007 OA4 Trust,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

## BRIEF AND SPECIAL APPENDIX FOR PLAINTIFF-APPELLANT

ROSENBERG FORTUNA & LAITMAN, LLP
*Attorneys for Plaintiff-Appellant*
666 Old Country Road, Suite 810
Garden City, New York 11530
(516) 228-6666
anthony@rosenbergfortuna.com

TABLE OF CONTENTS

*Page*

CORPORATE DISCLOSURE STATEMENT ..........................................................1

JURISDICTIONAL STATEMENT ........................................................................2

STATEMENT OF ISSUES PRESENTED FOR REVIEW ......................................3

STATEMENT OF THE CASE...............................................................................4

FACTS RELEVANT TO DISTRICT COURT'S ELECTION TO
ABSTAIN............................................................................................................5

    A. The Mortgage...........................................................................................5

    B. Gordons' Acquisition Of The Property......................................................5

    C. The Second Foreclosure Action................................................................5

    D. Plaintiff's Purchase Of The Property.........................................................6

    E. Upon Conveyance Of The Property To Plaintiff, No Party To
       The Second Foreclosure Action Enjoyed An Ownership
       Interest In The Property ...........................................................................7

    F. The Instant Action By Gokhvat Seeking The Discharge Of
       The Mortgage As Against Gokhvat As Barred By The Statute
       Of Limitations.........................................................................................7

    G. The Reinstatement of the Second Foreclosure Action As
       Against Gordons .....................................................................................7

    H. The Motion To Dismiss, Which Does Not Seek Abstention ........................8

    I. After Directing The Parties To Brief The *Colorado River*
       Abstention Doctrine, The Court Elects To Retain
       Jurisdiction............................................................................................9

i

J. The Court Adjudicates The Renewed Motion To Dismiss On Grounds Not Briefed By Either Party, And Without Warning That Abstention Would Once Again Be Considered (On New Grounds) ................................................................................10

K. The Second Foreclosure Action Is Concluded ..............................12

FACTS RELEVANT TO DEFENDANT'S CONTENTION THAT PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM ....................................................................................................13

L. The First Foreclosure Action Is Dismissed ...................................13

M. The Second Foreclosure Action Is Dismissed On The Merits .....................14

N. Plaintiff Acquires The Property In Reliance On The Dismissal Order ...........................................................................................14

O. Gokhvat's Claims In This Action ..................................................15

ARGUMENT

POINT I

THE "PRIOR EXCLUSIVE JURISDICTION" DOCTRINE DID NOT REQUIRE THE DISTRICT COURT'S ABSTENTION ..............................15

A. Quiet Title Actions And Foreclosure Actions Are Not Both *In Rem* Or *Quasi In Rem* Proceedings And, Thus, The "Prior Exclusive Jurisdiction" Doctrine Does Not Apply ........................................17

i. A Mortgage Foreclosure Action is Not *In Rem* ........................................17

ii. The "Prior Exclusive Jurisdiction" Doctrine Only Bars Simultaneous Prosecution of Two *In Rem* or *Quasi in-Rem* Actions ....................................................................................21

B. The State Court Did Not Have Jurisdiction Over The "*Res*" (The Property) When The Property Was Conveyed To Gokhvat And, Thus, The "Prior Exclusive Jurisdiction" Doctrine Was Not Implicated By This Quiet Title Action............................23

    i.  No State Court Foreclosure Action Was Pending When the Property Was Conveyed to Gokhvat or When the Federal Action Was Commenced ...........................................................24

    ii.  No Notice of Pendency of the State Court Action or Stay Prohibiting a Transfer of the Property Was Extant When the Property Was Conveyed to Gokhvat or When the Federal Action Was Commenced .............................................26

    iii. Since Gokhvat's Title Is Unaffected by the Outcome of the State Court Foreclosure Action, Upon the Sale of the Property to Gokhvat, the State Court Did Not Have Any Jurisdiction Over the "*Res*" (the Property)................................29

    iv. Since The State Court Foreclosure Action Has Culminated In A Judgment And Is No Longer Pending, The "Prior Exclusive Jurisdiction" Doctrine Is Not Applicable ...............................30

C. A Federal Court May Not Abstain From Granting A Remedy Recognized Under Common Law .................................................32

POINT II

THE DISTRICT COURT ERRED IN DISMISSING THE COMPLAINT WITHOUT NOTCE PURSUANT TO FED. R. CIV. P. 12(b)(1) UNDER THE "PRIOR EXCLUSIVE JURISDICTION" DOCTRINE ........................................................................................32

    i.    A Motion To Dismiss For Failure To State A Claim, Under Fed. R. Civ. P. 12(b)(6), Cannot Be Resolved On Jurisdictional/Abstention Grounds ...........................................33

    ii.   The Court Adjudicated The Motion To Dismiss On Grounds Neither Party Had Argued ........................................34

iii.    The Court Had Previously Decided To Retain Jurisdiction, And Gave No Warning That Abstention Would Be Reconsidered; The Court Also Contravened Its Prior Practice Of Affording The Parties An Opportunity To Address Abstention .................................................................35

POINT III

THE COMPLAINT STATES A CLAIM FOR RELIEF AGAINST US BANK UNDER RPAPL ARTICLE 15 .............................................37

    A. The Complaint States A Claim That Enforcement Of The Mortgage Is Time-Barred As Against Gokhvat Under RPAPL §1501(4).................................................................................38

    B. Gokhvat States A Claim To Quiet Title Under RPAPL §1501(1).................................................................................40

POINT IV

GOKHVAT HAS A STATUTORY RIGHT TO HAVE ITS QUIET TITLE CLAIMS HEARD IN FEDERAL COURT .................................41

CONCLUSION ....................................................................................42

CERTIFICATE OF COMPLIANCE.......................................................44

TABLE OF AUTHORITIES

*Page(s)*

Cases:

*53rd St. LLC v US Bank NA,*
   8 F4th 74 [2d Cir. 2021] ...........................................................................32, 38

*Almazon v JPMorgan Chase Bank, NA*,
   19-cv-4871, 2020 US Dist LEXIS 41668
   [SDNY Mar. 9, 2020] ......................................................................................32

*Alt N. Riv. Ins. Co. v Leifer*,
   2023 WL 2978970 [2d Cir. Apr. 18, 2023].....................................................13

*Barberan v Nationpoint*,
   706 F. Supp. 2d 408 [SDNY 2010].................................................................40

*Barson v Mulligan*,
   191 NY 306 [1908] ..........................................................................................30

*BH263, LLC v Bayview Loan Servicing, LLC*,
   175 AD3d 1375 [2d Dept 2019] .....................................................................39

*Cathedral of the Incarnation v Garden City Co.*,
   99 F3d 66 [2d Cir. 1996] ................................................................................32

*Champlaign Gas & Oil, LLC v People of the State of New York*,
   185 AD3d 1192 [3d Dept 2020] .....................................................................23

*Chapin v Posner*,
   299 NY 31 [1949] ............................................................................................22

*Colorado River Conservation District v United States*,
   424 US 800 [1976].............................................................9, 10, 12, 35, 36

*DA of NY. Cnty. v Republic of the Philippines*,
   681 Fed. Appx. 37 [2d Cir. 2017] ..................................................................16

*DaSilva v Musso*,
    76 NY2d 436 [1990].............................................................................25, 27

*Everhome Mtge. Co. v Aber*,
    195 AD3d 682 [2d Dept 2021], *aff'd* 39 NY3d 639 [2022].........................38

*First Nat'l Bank v Atkin*,
    279 AD2d 779 [3d Dept 2001] ....................................................................23

*Four Star Holding*,
    178 F3d 102 ...................................................................................................21

*Freedom Mtge. Corp. v Engel*,
    37 NY3d 1 [2021]..........................................................................................39

*Gelboim v Bank of Am. Corp.*,
    823 F3d 759 [2d Cir. 2016] ..........................................................................38

*Greenlaw v United States*,
    554 US 237 [2008].........................................................................................35

*Grid Realty Corp. v Fazzino*,
    55 AD2d 635 [2d Dept 1976] *aff'd* 42 NY2d 1048 [1977]............................41

*Hetelekides v County of Ontario*,
    193 AD3d 1414 [4th Dept 2021] *aff'd* 39 NY3d 222 [2023].......21, 22, 23, 30

*Howard v Murray*,
    38 NY2d 695 [1976].....................................................................................38

*Hurley v Hurley*,
    50 NY2d 78 [1980].......................................................................................40

*Jamison v Acquai*,
    128 AD3d 775 [2d Dept 2015] ...............................................................23, 30

*Kupfer v Residential Mtge. Solution, LLC*,
    19-cv-2738, 2020 US Dist LEXIS 267377
    [EDNY Nov. 30, 2020] ................................................................................32

*LaSalle Bank N.A. v Benjamin,*
    164 AD3d 1223 [2d Dept 2018] ...................................................22

*Leopard Marine & Trading, Ltd. v Easy St. Ltd.,*
    896 F3d 174 [2d Cir. 2018] ..............................................18, 19

*Lowenstein v Reikes,*
    258 NY 444 [1932]...........................................................40, 41

*Malco Realty Corp. v Westchester Condos, LLC,*
    114 AD3d 413 [1st Dept 2014]............................................40, 41

*Marshall v Marshall,*
    547 US 293 [2006].................................................................16

*Nationstar Mtge., LLC v Weisblum,*
    143 AD3d 866 [2d Dept 2016] ...................................................39

*Nevada v United States,*
    463 US 110 [1983]..............................................18, 19, 20, 24

*Newton v Evers,*
    215 NY 198 [1915]...............................................................22

*Oneida Indian Nation of Wisconsin v New York,*
    732 F2d 261 [2d Cir. 1984] ...............................................18, 19

*P.A.C.W.S. Ltd. v Reineke,*
    175 AD2d 154 [2d Dept 1991] ...................................................40

*RSS WFCM 2018-C44-NY LOD, LLC v 1442 Lexington*
    *Operating DE LLC,*
    59 F4th 586 [2d Cir. 2023] .......................................................31

*Simmons v Trans Express Inc.,*
    16 F4th 357 [2d Cir. 2021] .......................................................13

*Upper Skagit Indian Tribe v Lundgren,*
    138 S Ct 1649 [2018]..........................................................19, 20

*US Bank NA v Bank of Am. NA*,
   916 F3d 143 [2d Cir. 2019] ..............................................................................2

*U.S. Bank N.A. v Doura*,
   204 AD3d 721 [2d Dept 2022] ...................................................................39

*Windward Bora, LLC v Bank of NY. Mellon*,
   2020 U.S. Dist. LEXIS 223692 (EDNY Nov. 30, 2020)............. 18-19, 24, 25

Rules, Laws & Statutes:

28 U.S.C. §1332 ...............................................................................................2, 32

CPLR 213 .............................................................................................................39

CPLR 5523 .......................................................................................27, 28, 29, 41

Fed. R. Civ. P. 12 ........................................................................................ *Passim*

New York's Real Property Actions and Proceedings Law §1371............................22

New York's Real Property Actions and Proceedings Law §1501................... *Passim*

## CORPORATE DISCLOSURE STATEMENT

Appellant Gokhvat Holdings LLC is a New York limited liability company. It has no parent corporation or parent company. No publicly held corporation (company) owns 10% or more of its stock.

## JURISDICTIONAL STATEMENT

The United States District Court for the Southern District of New York had subject matter jurisdiction over this action under 28 USC 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

Plaintiff-Appellant Gokhvat Holdings LLC ("Gokhvat") is a foreign limited liability company existing under the laws of the State of Delaware. Gokhvat's members are citizens of New York and Texas. Defendant-Appellee U.S. Bank National Association, Successor Trustee to Bank of America ("US Bank") is a national banking association organized under the laws of the United States of America. US Bank's main office is in Cincinnati, Ohio. Case laws confirm that US Bank, NA is a citizen of Ohio for diversity jurisdiction. *See US Bank NA v Bank of Am. NA*, 916 F3d 143, 147 [2d Cir. 2019]. Defendant-Appellee Bank of America National Association, as Trustee is a national banking association organized under the laws of the United States of America. Bank of America's main office is in Charlotte, North Carolina. Case law confirms that Bank of America is a citizen of North Carolina for diversity jurisdiction purposes. *See US Bank NA v Bank of Am. NA*, 916 F3d 143, 147 [2d Cir. 2019].

The Clerk's Judgment of the United States District Court for the Southern District of New York dated January 25, 2023 finally determined this action, as it

dismissed the Complaint in its entirety upon the Opinion and Order of the United States District Court for the Southern District of New York (Lorna G. Schonfield, District Judge) dated January 24, 2023 which granted the Defendant's motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). Gokhvat timely filed a Notice of Appeal from the Judgment on February 23, 2023.

## STATEMENT OF ISSUES
## PRESENTED FOR REVIEW

1. Does the "prior exclusive jurisdiction" doctrine preclude a federal district court from exercising subject matter jurisdiction over a quiet title action to discharge a mortgage upon real property when an action to foreclose the mortgage is pending in state court — where the federal plaintiff is not a party to the foreclosure action, and the state court lacks jurisdiction over the *res*?

2. Did the District Court err in dismissing the action pursuant to Fed. R. Civ. P. 12(b)(1) under the "prior exclusive jurisdiction" doctrine where the Defendants did not move under Fed. R. Civ. P. 12(b)(1) or argue the "prior exclusive jurisdiction" doctrine in support of their motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), and where the Court, which had previously ruled that this action was not subject to abstention, elected to abstain without giving the parties warning that it was considering doing so, and without giving the parties an opportunity to brief the issue?

3. Does the Complaint state a claim to discharge the mortgage as time-

3

barred under New York's Real Property Actions and Proceedings Law ("RPAPL") §1501(4) and/or to quiet title under RPAPL §1501(1)?

## STATEMENT OF THE CASE

In an action to discharge a mortgage upon real property as barred by the statute of limitations under RPAPL §1501(4) and to quiet title under RPAPL §1501(1), Plaintiff-Appellant Gokhvat Holdings LLC ("Gokhvat") appeals from the Clerk's Judgment of the United States District Court for the Southern District of New York dated January 25, 2023 (the "Judgment"). The Judgment was rendered upon the Opinion and Order of the United States District Court for the Southern District of New York (Lorna G. Schofield, District Judge) dated January 24, 2023 which granted the motion of Defendant-Appellants U.S. Bank National Association, Successor Trustee to Bank of America ("US Bank") and Bank of America, as Trustee ("BOA") (collectively the "Bank") which was to dismiss the Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). However, the Court granted the motion on grounds that were not addressed by either the moving defendant or plaintiff, and without providing the parties with an opportunity to brief the issue upon which it ultimately elected to dismiss. It is undisputed that this action falls within the subject matter jurisdiction of the District Court on diversity jurisdiction grounds. Given the "virtually unflagging obligation to exercise that jurisdiction, even if an action concerning the same matter is pending in state court" (*Sheerbonnet,*

4

*Ltd. v Am. Express Bank,* 17 F3d 46, 49 [2d Cir. 1994]), the District Court erred in

abstaining, since it effectively deprived Gokhvat of *any* day in court on its quiet title

claims.

## FACTS RELEVANT TO DISTRICT COURT'S
## ELECTION TO ABSTAIN

**A.     The Mortgage**

On April 16, 2007, non-party Washington Mutual Bank FA ("WAMU")

recorded a mortgage (the "Mortgage") against 20 West Street, 11H, New York, NY

(the "Property") to secure a loan evidenced by a promissory note purportedly

executed by non-parties Thomas and Sherry Kim (the "Kims"), prior owners of the

Property (JA 221-249).

**B.     Gordons' Acquisition Of The Property**

Non-party Robert L. Gordons LLC ("Gordons") acquired title to the Property

by Sheriff's Deed dated May 4, 2016 (the "Sheriff's Deed").  (JA 273-280).

**C.     The Second Foreclosure Action**

On August 20, 2018, US Bank commenced an action against the Kims and

Gordons to foreclose the mortgage (the "Second Foreclosure Action") and filed a

notice of pendency (the "2018 Notice of Pendency") on that date.  (JA 84-95).

Gordons moved for summary judgment dismissing the complaint in the

Second Foreclosure Action. On November 15, 2019, the Supreme Court, New York

County granted Gordons' motion and dismissed the complaint in the Second

Foreclosure Action on the merits, concluding that the limitations period for foreclosure had run. (JA 107-110). In its 2019 final order, Supreme Court ordered the Second Foreclosure Action dismissed, and directed that the notice of pendency filed in the Second Foreclosure Action be canceled (the "Dismissal Order"). (JA 107-110).

While Defendant noticed an appeal from the Dismissal Order, Defendant did not seek a stay of any transfer of the Property pending its appeal, or a stay of so much of the Dismissal Order as canceled the notice of pendency. (JA 290-300).

**D.     Plaintiff's Purchase Of The Property**

By deed dated March 15, 2021 and recorded in the Office of the City Register of the City of New York on March 19, 2021, Gordons conveyed the Property to Plaintiff for valuable consideration of $125,000. (JA 282-289; JA 129 at ¶¶23-24).

At the time of delivery of the deed to Plaintiff, the Dismissal Order, which dismissed the Second Foreclosure Action in its entirety, was valid, in effect, and had been recorded in the land records. The notice of pendency of the Second Foreclosure Action had also been canceled in the Dismissal Order (JA 107-110; 290-300; 129 at ¶25). No stay or injunction barring enforcement of the Dismissal Order or prohibiting the conveyance of the Property was in effect at the time of conveyance. (JA 290-300; 129 at ¶26).

**E.      Upon Conveyance Of The Property To Plaintiff,
           No Party To The Second Foreclosure Action
           Enjoyed An Ownership Interest In The Property**

Upon conveyance of 100% of the fee interest in the Property to Gokhvat on March 15, 2021, no party to the Second Foreclosure Action (or its appeal) enjoyed an ownership interest in the Property. Gokhvat, the exclusive owner of the Property from March 15, 2021 to the present day, has never been made a party to the Second Foreclosure Action or its appeal. Accordingly, no party to the Second Foreclosure Action or its appeal has had an ownership interest in the Property from March 15, 2021 to the present day.

**F.      The Instant Action By Gokhvat Seeking The
           Discharge Of The Mortgage As Against Gokhvat
           As Barred By The Statute Of Limitations**

On March 24, 2021, shortly after acquiring the exclusive fee interest in the Property, Gokhvat commenced the instant action seeking discharge of the Mortgage, on the grounds that the limitations period for foreclosure had run as against Gokhvat.

**G.      The Reinstatement of the Second Foreclosure Action
           As Against Gordons**

By Order dated March 25, 2021 — the day *after* the instant action was commenced — the Appellate Division, First Department reversed the Dismissal Order and re-instated the Second Foreclosure Action *as against Gordons.* (JA 117-118).

Gokhvat was not made a party to the appeal, and is not, and has never been, a party to the Second Foreclosure Action. (JA 117-118; 290-300). No relief was sought or has been sought against Gokhvat in the appeal, or in subsequent proceedings in the trial court. (JA 117-118; 290-300).

Gokhvat both (i) purchased the Property, and (ii) commenced the instant action in the District Court, at a time that the Supreme Court's Dismissal Order dismissing the Second Foreclosure Action on the merits was in effect, and *prior to* the Appellate Division's reinstatement of the Second Foreclosure Action. (JA 290-300).

## H.    The Motion To Dismiss, Which Does Not Seek Abstention

Defendant moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). (JA 9-10). Defendant argued that the premise underlying Gokhvat's cause of action — to wit, its allegation that the statute of limitations on an action to foreclose the mortgage had expired — failed to state a claim. (JA 20-22). This was the sole basis for dismissal raised by Defendant; abstention was not addressed.

On June 17, 2021, Gokhvat filed an Amended Complaint as of right. (JA 125-175). The Amended Complaint added a second cause of action to quiet title to the Property under RPAPL §1501(1). (JA 130-131).

Gokhvat opposed Defendant's motion under Fed. R. Civ. P. 12(b)(6). (JA 176-316). In its reply, Defendant's argument for dismissal was once again premised

solely on the pendency of the Second Foreclosure Action, and Defendant's contention that, as a result, the statute of limitations on an action to foreclose the mortgage had not yet expired.  (JA 321-331). Again, abstention was not addressed or raised.

Defendant did not seek dismissal or abstention in its motion on the grounds of the "prior exclusive jurisdiction" doctrine.  (JA 11-24; 317-333).

## I.      After Directing The Parties To Brief The *Colorado River* Abstention Doctrine, The Court Elects To Retain Jurisdiction

By Order dated December 14, 2021, the District Court denied, without prejudice to renewal by formal motion, the Bank's motion to dismiss under Fed. R. Civ. P. 12(b)(6).  (JA 340.1).

Rather than address the merits of Defendant's claims or Plaintiff's opposition thereto, in its December 14, 2021 order, the District Court *sua sponte* directed Gokhvat and the Bank to brief whether abstention based on *Colorado River Conservation District v United States*, 424 US 800 [1976] was proper.  (JA 340.1).

In response to the Court's directive, Plaintiff and Defendant each briefed the *Colorado River* abstention issue. (JA 340:1).

Subsequently, by Opinion and Order dated August 25, 2022, the District Court (Schofield, U.S.D.J.) determined that abstention under *Colorado River* was not

9

appropriate, and elected to retain jurisdiction. (JA 340.1) (the "2022 Order Declining to Abstain").

Among other reasons for retaining jurisdiction, the District Court noted that (i) Gokhvat is not, and never had been, a party to the Second Foreclosure Action, (ii) the claims made by Gokhvat had not been made by any party to the Second Foreclosure Action, and (iii) no party to the Second Foreclosure Action had standing or incentive to make the claims asserted by Gokhvat herein. Accordingly, the Second Foreclosure Action and the instant action were deemed to not constitute parallel proceedings, thereby precluding abstention under *Colorado River.* (JA 341-349).

**J.  The Court Adjudicates The Renewed Motion
To Dismiss On Grounds Not Briefed By Either Party,
And Without Warning That Abstention Would
Once Again Be Considered (On New Grounds)**

Upon the Court's determination that retention of jurisdiction was appropriate, Defendant renewed its motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (JA 350-351). The District Court relied on the parties' prior briefing on the motion to dismiss. (JA 349). As noted, Defendant's motion were premised solely on its contention that Plaintiff's Amended Complaint failed to state a claim, inasmuch as the limitations period for foreclosure had not (according to Defendant) run. Neither Defendant's motion, nor Plaintiff's opposition thereto, addressed the potential applicability of any abstention doctrine.

By Opinion and Order dated January 24, 2023, the District Court (Schofield,

10

U.S.D.J.) granted Defendant's motion and dismissed the action.

But the grounds upon which the Court dismissed were neither advanced nor briefed by either party. (JA 352-358). The District Court reasoned that under the "prior exclusive jurisdiction" doctrine, the quiet title action and the Second Foreclosure Action are both *in rem* or *quasi in rem* proceedings. The District Court further reasoned that since the Second Foreclosure Action was commenced prior to the instant action, "the state court has prior exclusive jurisdiction over the Property" [and] "this Court's jurisdiction must yield and this case is dismissed on abstention grounds". (JA 358). Neither party had addressed this issue or doctrine in Defendant's motion or the opposition thereto.

Prior to issuing the Opinion and Order, the District Court did not warn the parties that it was considering abstaining under the prior exclusive jurisdiction doctrine, and did not afford the parties an opportunity to brief the issue. In point of fact, neither party addressed the prior exclusive jurisdiction doctrine prior to the Court's dismissal under that doctrine.

In electing to abstain, the District Court did not accord significance to the fact that the instant action was commenced *after* the Second Foreclosure Action had been *dismissed,* and *before* it was reinstated by the Appellate Division. Nor did the District Court accord significance to the fact that Plaintiff, the exclusive owner of the Property, was never made a party to the Second Foreclosure Action, and thus, had

no opportunity to assert its claims therein.

The Opinion and Order dismissing the case on abstention grounds was issued *after* the Court had issued the 2022 Order Declining to Abstain. Unlike the period preceding issuance of the 2022 Order Declining to Abstain, where the District Court provided the parties with an opportunity to brief the applicability of *Colorado River* before ruling thereon*,* prior to issuing the Opinion and Order, the Court provided no notice that it would be considering abstention a second time, and did not provide the parties with an opportunity to brief the applicability of the abstention doctrine upon which the Court would ultimately elect to dismiss. The District Court instead dismissed the Complaint on grounds neither party had raised, and without warning that it was considering doing so — and all after initially deciding that retention of jurisdiction was *proper*.

The Clerk of the District Court entered a Judgment dismissing the action on January 25, 2023. (JA 359). Gokhvat timely filed a Notice of Appeal from the Judgment on February 23, 2023. (JA 360).

**K.    The Second Foreclosure Action Is Concluded**

The Second Foreclosure Action was concluded upon the entry of an Amended Judgment of Foreclosure and Sale, on May 11, 2023. *See US Bank, NA et al v Sherry Kim et al*, New York County Supreme Court Index No. 850238/2018, at NYSCEF

Doc. No. 434.[1]

## FACTS RELEVANT TO DEFENDANT'S CONTENTION
## THAT PLAINTIFF'S AMENDED COMPLAINT
## FAILS TO STATE A CLAIM

The District Court's Opinion and Order dismissed on grounds raised by the Court *sua sponte* (*i.e.*, the Prior Exclusive Jurisdiction abstention doctrine) but did not adjudicate the claim actually raised in Defendant's motion: to wit, Defendant's contention that the Amended Complaint fails to state a claim.

To the extent that this Court will address whether Plaintiff's complaint does or does not state a claim, the additional facts set forth below, in addition to those already set forth above, appertain to such question.

## L.    The First Foreclosure Action Is Dismissed

On May 21, 2010, Defendant's predecessor-in-interest, Bank of America, commenced an action to foreclose the mortgage against the Kims (the "First Foreclosure Action").   (JA 28-39).  The Complaint in the First Foreclosure Action contained a demand for immediate payment in full of the entire debt secured by the mortgage.   (JA 36 at §11; JA 37). Gokhvat was not made a party to the First Foreclosure Action.  (JA 28-39).

Gordons' motion to dismiss the First Foreclosure Action was granted by a final

---

[1] Federal courts may take judicial notice of state-court judgments and filings. *See Alt N. Riv. Ins. Co. v Leifer*, 22-1009, 2023 WL 2978970, at *1 n1 [2d Cir. Apr. 18, 2023]; *Simmons v Trans Express Inc.*, 16 F4th 357, 360 [2d Cir. 2021].

order entered on March 30, 2018. (JA 56) (the "Final Order Dismissing the First Foreclosure Action Final Order"). The Final Order Dismissing the First Foreclosure Action was never appealed.

**M.    The Second Foreclosure Action
         Is Dismissed On The Merits**

The Second Foreclosure Action, commenced on August 20, 2018 (*i.e.*, more than six years after commencement of the First Foreclosure Action) (JA 84; JA 290) was dismissed on the merits as time-barred, in the Dismissal Order dated November 15, 2019. (JA 107-110). There, Supreme Court held that commencement of the First Foreclosure Action had triggered the running of the limitations period for foreclosure, and thus, by the time the Second Foreclosure Action was commenced, more than six years after commencement of the First Foreclosure Action, enforcement of the Mortgage was barred by the statute of limitations. (JA 107-110).

**N.    Plaintiff Acquires The Property
         In Reliance On The Dismissal Order**

In accepting title to the Property, Gokhvat relied on the final determination of Supreme Court, in the Dismissal Order, that the Mortgage was time-barred and unenforceable. (JA 212-14 at ¶¶12, 19-20; 129 at ¶¶27-28).

Gokhvat further relied on the fact that neither enforcement of the Dismissal Order, nor Gordons' right to convey the Property in reliance thereon, had been stayed.

**O.    Gokhvat's Claims In This Action**

Gokhvat commenced this action seeking the discharge of the Mortgage, on the ground that (i) enforcement of the mortgage as against Gokhvat's interest in the Property is barred by the six-year statute of limitations, inasmuch as the limitations period began to run upon commencement of the First Foreclosure Action in 2010, and (ii) that as against Gokhvat, the Dismissal Order of the Supreme Court, New York County, which adjudged the Mortgage unenforceable and time-barred constitutes an unassailable and final adjudication of the enforceability of the Mortgage.   (JA 210-258).   Accordingly, Gokhvat maintains that cancellation and discharge of the Mortgage is warranted.

In its Motion to Dismiss, the Bank alleged that Plaintiff's Amended Complaint failed to state a claim, because the Appellate Division reinstated Defendant's foreclosure claim — albeit not against Gokhvat — and determined that the statute of limitations had not run.

**ARGUMENT**

**POINT I**

**THE "PRIOR EXCLUSIVE JURISDICTION" DOCTRINE
DID NOT REQUIRE THE DISTRICT COURT'S
ABSTENTION**

Under the doctrine of "prior exclusive jurisdiction", a federal court does not assume *in rem* or *quasi in rem* jurisdiction if a state court has previously assumed

15

jurisdiction over the same *res*. *See DA of NY. Cnty. v Republic of the Philippines*, 681 Fed. Appx. 37, 40 [2d Cir. 2017], citing *Marshall v Marshall*, 547 US 293, 311 [2006]. This abstention doctrine stands for the principle that once one court assumes jurisdiction over a *res*, another court should not "step on its toes", and preside over a case involving the same *res*. *See Marshall*, 547 US at 311. If a state case and a federal case are each *in rem*, and affect the same property, the prior exclusive jurisdiction doctrine prevents the federal court from proceeding. *See id*. But such a situation is not the case here for several reasons.

Neither a quiet title action nor a mortgage foreclosure proceeding (as distinct from a tax lien foreclosure proceeding) is an action *in rem*. Accordingly, the prior exclusive jurisdiction doctrine is not implicated by concurrent prosecution of such actions.

Even assuming, *arguendo,* that a quiet title action and mortgage foreclosure proceeding are actions *in rem*, the prior exclusive jurisdiction doctrine is not implicated under the circumstances of this case. Upon dismissal of the State Court foreclosure proceeding, the state court was divested of jurisdiction over the *res*. Because the dismissal was on the merits, the state court could not regain jurisdiction over the *res*, even upon reversal of the Dismissal Order.

Moreover, upon the post-dismissal conveyance of the Property, Gokhvat became the exclusive owner thereof. Because Gokhvat is not, and never has been

made, a party to the State Court Foreclosure Proceeding, the State Court could not affect title to, and does not have jurisdiction over, the res, even upon reversal of the Dismissal Order and reinstatement of the Foreclosure Proceeding.

Finally, the State Court Foreclosure Proceeding has culminated in final judgment, and is thus not pending.

In sum, the instant quiet title action was commenced by the exclusive owner of the Property after the State Court Foreclosure Proceeding had been dismissed on the merits, by an entity that was never made a party to the State Court Foreclosure Proceeding. The State Court had no jurisdiction over the res at that time, and has not regained such jurisdiction at any time since. The prior exclusive jurisdiction doctrine was thus not implicated when this action was commenced, and has not been implicated since.

### A. Quiet Title Actions And Foreclosure Actions Are Not Both *In Rem* Or *Quasi In Rem* Proceedings And, Thus, The "Prior Exclusive Jurisdiction" Doctrine  Does Not Apply

Violation of the prior exclusive jurisdiction doctrine requires *both actions* to be *in rem*. Because *neither* a mortgage foreclosure action *nor* a quiet title action is *in rem*, the prior exclusive jurisdiction doctrine is neither implicated nor violated herein.

### i. A Quiet Title Action Is Not *In Rem*

As stated by the Supreme Court, and by the Second Circuit, a quiet title action

17

is an *in personam* action, not an *in rem*, action. *See Nevada v United States*, 463 US 110, 143-44 [1983] ("[Q]uiet title actions are *in personam* actions"); *Oneida Indian Nation of Wisconsin v New York*, 732 F2d 261, 265 [2d Cir. 1984] ("Ordinarily a judgment in…a quiet title action will not affect the interests of others than the parties or those in privity with them. Such actions do not operate *in rem* upon the land itself").

An action to discharge a mortgage determines the extent to which a mortgagee's lien on a property is valid, but it does not result in a change of *title* to the property. An *in rem* action, by contrast, requires "the court, or its officer, [to] ha[ve] possession or…control of the property." *Leopard Marine & Trading, Ltd. v Easy St. Ltd.,* 896 F3d 174, 192 [2d Cir. 2018]. "[T]he key to the conflict" that gives rise to the prior exclusive jurisdiction doctrine applies where "two courts [are] simultaneously vying for possession or control of the same property". *Id.* That is simply not the case, where, as here, one action (the instant federal action) will determine a discrete issue — the viability of a mortgage — and not disposition of title to the property itself. "The adjudication of rights *in personam* simply does not impede the possession or control of the property required for maintenance of an *in rem* action." *Id.*

Because a quiet title action is not *in rem,* it cannot be deemed to violate the "prior exclusive jurisdiction" doctrine. *See Windward Bora, LLC v Bank of NY.*

18

*Mellon*, 19-cv-858, 2020 U.S. Dist. LEXIS 223692, at *13-*14 (EDNY Nov. 30, 2020) (citing *Nevada* v *U.S.* and *Oneida Indian Nation*). Thus, even if a mortgage foreclosure action is deemed to be an in-rem proceeding, because a quiet title action is not, maintenance of the two actions simultaneously does not violate the prior exclusive jurisdiction doctrine. *See Leopard Mar. & Trading, Ltd. v Easy St. Ltd*., 896 F3d 174, 192-193 [2d Cir. 2018] ("[T]he prior exclusive jurisdiction doctrine does not generally apply to situations where one action is *in rem* and the other *in personam*…[I]f only one action is *in rem*, and the other is *in personam*, the cases may proceed simultaneously…[the concurrency of the actions] does not create an exceptional circumstance that would permit abstention").[2]

While the District Court acknowledged that the United States Supreme Court recognized in *Nevada* that "quiet title actions are *in personam* actions", the District Court erred in concluding that the United States Supreme Court had, at other times characterized quiet title actions as "*in rem*". For this latter proposition, the District Court cited to — and misread — *Upper Skagit Indian Tribe v Lundgren*, 138 S Ct 1649 [2018] ("Upper Skagit").

The District Court quoted the following passage from *Upper Skagit* to support

---

[2] Notably, trial courts within the Second Circuit have adjudicated quiet title actions brought during the pendency of state foreclosure actions concerning the same property. *See, e.g., Barnard v Nationstar Mortg. LLC* (*In re Kramer*), 2019 Bankr LEXIS 3658 [Bankr EDNY Nov. 27, 2019, Nos. 17-70741-reg, 18-08002-reg]; *Nagessar v Northeast Alliance Mtge. Banking Corp.*, 2022 US Dist LEXIS 139660 [EDNY Aug. 5, 2022, No. 18-cv-6709(KAM)(RER)]).

its (erroneous) conclusion that the <u>United States</u> Supreme Court had classified quiet title actions as "*in rem*" proceedings:

> "Ultimately, the Supreme Court **of Washington** rejected the Tribe's claim of immunity and ruled for the Lundgrens. The court [*i.e.,* the Supreme Court of ***Washington State***] reasoned that sovereign immunity does not apply to cases where a judge 'exercis[es] *in rem* jurisdiction' to quiet title in a parcel of land."

*Id.* at 1652

The District Court erred in reading *Upper Skagit* to conclude that the <u>United States Supreme Court</u> denominated a quiet title action as one "*in rem*". Rather, as *Upper Skagit* clarifies, that determination was made by the *Washington State* Supreme Court, *not* by the United States Supreme Court. Further, in summarizing the Washington State Court's decision, the United States Supreme Court, used the Washington State's court's designation of the quiet title action as *in rem* in quotes, signifying that the U.S. Supreme Court did not necessarily adopt that understanding. The decision of the Washington State Supreme Court was reversed in *Upper Skagit*. *See Upper Skagit Indian Tribe*, 138 S Ct at 1652.

In sum, there exists a decision — *Nevada* — wherein the U.S. Supreme Court plainly defined a quiet title action as "in personam." By contrast, Plaintiff is aware of no authority — and the District Court identified none — from the United States Supreme Court classifying a quiet title action as *in rem.* With due respect to the

20

District Court, that Court had no authority to define a quiet title action in a way that differs from, and indeed, contravenes, the classification given thereto by the U.S. Supreme Court.

### ii. A Mortgage Foreclosure Action Is Not *In Rem*

Although the Second Circuit once described a foreclosure action as an *in rem* proceeding *(see Four Star Holding*, 178 F3d at 102), this is, respectfully, an overly broad misstatement of New York law. While a *tax lien* foreclosure action is *in rem*, a *mortgage foreclosure* action, like US Bank's state court proceeding, is not.

The distinction between actions *in rem*, and those not *in rem*, is that an *in rem* action is "not commenced against any person; it is commenced against the property itself." *Hetelekides,* 193 AD3d at 1420; *Freeman v Alderson,* 119 US 185, 187 [1886] ("Actions *in rem,* strictly considered, are proceedings against property <u>alone</u>, treated as responsible for the claims asserted by the libellants or plaintiffs. The property itself is in such actions the defendant") (emphasis supplied); *Hetelekides,* 39 NY3d at 233 ("tax foreclosure proceedings involve proceeding *directly against the land* instead of the owner of the taxable real property…an action *in rem*, like the tax foreclosure proceeding here, is not an action against a person, but rather the subject property on which the tax was charged and due. Put another way, the County did not sue the owner of the property") (emphasis in original). By contrast, a mortgage foreclosure action is commenced against the property *owner.* A property

owner is an indispensable party to a mortgage foreclosure proceeding, without whom the action cannot proceed (RPAPL §1311; *Newton v Evers,* 215 NY 198 [1915]; *LaSalle Bank N.A. v Benjamin,* 164 AD3d 1223 [2d Dept 2018]), whereas joinder of the property owner is unnecessary to an *in rem* proceeding — which, as noted, "is commenced against the property itself", and can thus proceed in the absence of the property owner. *Hetelekides,* 39 NY3d at 222.

Other distinctions include the fact that in an *in rem* proceeding, "no personal claim is or could be made against the defendant." *Chapin v Posner,* 299 NY 31, 42 [1949]; *see also Hanna v Stedman,* 230 NY 326, 335 [1921] "The result of…an action *in rem*] is a judgment which operates upon the property and which has no element of personal claim or personal liability"). In a mortgage foreclosure proceeding, by contrast, the Court *is* empowered to issue a (deficiency) monetary judgment, *in personam,* against the mortgagor (*see* RPAPL §1371; *M&T Real Estate Trust v Doyle,* 20 NY3d 563 [2013]).[3] Finally, while successful prosecution of a tax foreclosure proceeding *in rem* results in conveyance of "a new and complete title to

---

[3] For this reason, and in contrast to the District Court's conclusion, a mortgage foreclosure action in New York cannot be defined as "quasi *in rem*," either. As the U.S. Supreme Court explained, "[t]he effect of a judgment in [an action quasi *in rem*] is limited to the property that supports jurisdiction and does not impose a personal liability on the property owner, since he is not before the court." *Shaffer v Heitner,* 433 US 186, 199 [1977]. Because, in a New York mortgage foreclosure action, (i) the property owner *is* before the court as a party (and an indispensable one at that; see RPAPL §1311; *Benjamin*, 164 AD3d at 1225) to the action, and (ii) a judgment of personal liability *can* be imposed on the property owner (*see* RPAPL §1371), a mortgage foreclosure action in New York does not meet the US Supreme Court's definition of '*quasi in rem*.'

the land under an independent grant from the sovereign, a title free of any prior claims to the property or interests in it" (*First Nat'l Bank v Atkin,* 279 AD2d 779, 781 [3d Dept 2001]), the referee's deed issued upon culmination of a mortgage foreclosure action conveys "<u>only</u> the interests of the <u>foreclosure parties</u>." *Champlaign Gas & Oil, LLC v People of the State of New York,* 185 AD3d 1192, 1194 [3d Dept 2020] (emphasis supplied); <u>RPAPL §1353</u>. The title of persons who are not a party to a mortgage foreclosure action simply cannot be affected thereby (see *Jamison v Acquai*, 128 AD3d 775, 776 [2d Dept 2015] "where a person with an interest in real property is not joined as a party to an action to foreclose a mortgage on that property, that person's rights are left unaffected by the judgment of foreclosure and sale"). By contrast, because a tax lien foreclosure operates *in rem,* as an action not against an individual but against the property itself, the court is empowered to convey the title even of persons who are not parties to the action. *Hetelekides,* 39 NY3d at 222.

**B.  The State Court Did Not Have Jurisdiction Over The "*Res*" (The Property) When This Action Was Commenced, Or At Any Time Since, Thus, The "Prior Exclusive Jurisdiction" Doctrine Was Not Implicated By This Quiet Title Action**

The prior exclusive jurisdiction doctrine does not apply because under the unusual circumstances of this case, whatever jurisdiction the state court could be said to have once had over the res was relinquished long ago.

23

i.    **At The Time The Instant Action Was Commenced, The State Court Had Already Relinquished Jurisdiction Of The *Res***

Gokhvat acquired title to the Property after Supreme Court had dismissed the foreclosure proceeding. It was only *subsequent* to such dismissal — at a time that the Dismissal Order was still valid and enforceable — that Gokhvat commenced the quiet title action.

The Eastern District of New York has found that a trial court presiding over a foreclosure action is divested of jurisdiction over the res once the action is dismissed. *See Windward Bora, LLC v Bank of NY Mellon*, No. 19-cv-858, 2020 US Dist LEXIS 223692, at *13-14 [EDNY Nov. 30, 2020] ("[B]ecause the trial court vacated defendant's foreclosure action without expressly retaining jurisdiction, that court surrendered jurisdiction of the property.")

Here, similarly, upon the dismissal of the state court foreclosure action, the state court relinquished jurisdiction over the *res. See id.* To the extent that a quiet title action vests a court with jurisdiction over a res (*cf. Nevada,* 463 US at 110), the commencement of the instant quiet title action — at a time when no other court, including the state court that had dismissed the foreclosure claim, had jurisdiction over the res — rendered this court the *only* court to have jurisdiction over the res. If the "prior exclusive jurisdiction" doctrine requires the *first* court that assumes jurisdiction to maintain exclusive jurisdiction, the federal district court here is/was

the first court. Indeed, courts in the Second Circuit have repeatedly allowed for the commencement and adjudication of quiet title actions after foreclosure actions pertaining to the same action have been discontinued or dismissed; the same does not offend any 'prior exclusive jurisdiction' principles. *See, e.g., Singer v Fannie Mae,* 2022 US DIST LEXIS 145795 [EDNY Aug. 11, 2022, No. 19-CV-5992 (EK) (TAM); *1042 II Realty, Inc. v PHH Mtge. Corp.,* 582 FSupp3d 142 [SDNY 2022]; *Costa v Deutsche Bank Natl. Trust Co.,* 247 FSupp3d 329 [SDNY 2017].

Although the Appellate Division ultimately reversed the Dismissal Order and revived the foreclosure claim, such reversal/revival occurred only *after* the instant federal action had been commenced. Again, if the "prior exclusive jurisdiction" doctrine requires the *first* court that assumes jurisdiction to maintain exclusive jurisdiction, the federal district court here is/was the first court.

Notably, the pendency of the appeal did not re-vest the state court with jurisdiction it had relinquished in the Dismissal Order. *See Windward Bora,* 2020 US Dist LEXIS at 13 (noting the absence of "authority establishing that the Appellate Division acquired exclusive jurisdiction over the property" upon an appeal from a trial court's dismissal of a foreclosure action). Nor did the fact that an appeal from the Dismissal Order was pending vitiate the finality of the Dismissal Order. *See, e.g., Da Silva v Musso,* 76 NY2d 436, 440 [1990] ("rights [set forth in a final order] are nonetheless fully enforceable in the absence of a judicially issued stay pending

disposition of the appeal…[T]he pendency of an appeal does not render an otherwise final judgment interlocutory"); *McAuliffe v McAuliffe,* 200 AD3d 1114, 1116 [3d Dept 2021] ("the appeal did not alter the finality or enforceability of that judgment absent a stay.")

Further, in recent months, the state court foreclosure action culminated in final judgment, and is not currently pending. *See US Bank v Kim,* Sup Ct NY Cty, Index No. 850238/2018 NYSCEF Doc. No. 434; *Indymac Bank, F.S.B. v Vincoli,* 105 AD3d 704, 707 [2d Dept 2013] ("Since a final judgment of foreclosure and sale has been entered in action No. 1, that action would not be a pending action"). Thus, the state court foreclosure action was not pending when the instant action was commenced, and it is not pending today, either.

Accordingly, in the absence of any state court jurisdiction over the *res*, either when the instant action was commenced, or at the present time, there are no grounds to abstain under the prior exclusive jurisdiction doctrine.

### ii. Dismissal Of The Foreclosure Action On The Merits, And Conveyance Of The Property To A Third-Party, Permanently Insulates The Property From The Dismissed Claim

Gokhvat acquired title to the Property only after Supreme Court had dismissed the foreclosure proceeding *on the merits*. Upon the dismissal, the state court was divested of whatever jurisdiction it had previously enjoyed over the *res* (the Property), and because the dismissal was on the merits, upon the conveyance to

26

Gokhvat, the Property became permanently insulated from US Bank's claim. The state court adjudicating US Bank's claims thus no longer had the ability to affect the Property. Because, at the time the instant federal action was commenced, and at all times since, the state court had no jurisdiction over the res, commencement of this action does not implicate the "prior exclusive jurisdiction" doctrine.

As the New York Court of Appeals has explained, upon dismissal, on the merits, of a complaint seeking to affect title to real property, the property becomes conveyable *free and clear* of the dismissed claim. Indeed, the conveyed property can no longer be impacted by the dismissed claim *even if such dismissed claim is subsequently revived by a higher court*. See *Da Silva v Musso,* 76 NY2d 436 (1990):

> "Since the ability to transfer clear title is a natural incident of ownership, it follows that when a complaint involving title to or the right to possess and enjoy real property has been dismissed on the merits and there is no outstanding notice of pendency or stay, <u>the property owner has a right to transfer</u> or otherwise dispose of <u>the property unrestricted by the dismissed claim</u>….Under [CPLR 5523] an appellate court 'may order restitution of property or rights lost by [enforcement of a] judgment or order, *except that where the title of a purchaser in good faith and for value would be affected, the court may order the value or the purchase price restored*' (emphasis supplied). <u>The italicized language clearly limits the court's options to monetary relief in cases where the owner has exercised his rights</u> under the unstayed judgments <u>and transferred the</u>

property to a "good faith" purchaser for value. <u>The provision's effect is to insulate the title of a person who purchased after entry of final judgment from the effects of an appellate reversal</u>, at least in the absence of an outstanding notice of pendency…

In summary, once a final judgment or order dismissing the plaintiff's complaint has been entered…<u>the plaintiff can claim no further interest in the property itself and cannot acquire any such interest</u> by virtue of the purchaser's actual knowledge of the pending appeal. <u>Such a plaintiff must content itself with</u> the remedies afforded by CPLR 5523, i.e., <u>restoration of the value or purchase price already paid</u>, in the event of an appellate reversal."

*Id.* at 440 - 444 [1990]) (italics in original; underline supplied)

Thus, the conveyance of property that was once the subject of a since-dismissed claim insulates the property (and the new property owner) from ever being affected by such claim. As the *Da Silva* Court explained, the court that dismissed the claim on the merits cannot regain jurisdiction over the property, even if a higher court reverses the election to dismiss, and restores the action.[4]

Here, Plaintiff is in precisely the same position as the purchaser in *Da Silva*. Gokhvat purchased the Property after Defendant's foreclosure claim against the

---

[4] The mere *pendency* of an appeal does not mitigate the enforceability or finality of a lower court's final order, either. As the *Da Silva* Court explained: "while an appeal from a final judgment or order may leave an inchoate shadow on the rights defined therein, those rights are nonetheless fully enforceable in the absence of a judicially issued stay pending disposition of the appeal. [T]he pendency of an appeal does not render an otherwise final judgment interlocutory." *Id.* at 440.

Property was dismissed on the merits, and *before* the appeal taken from such Dismissal Order was adjudicated. Although the Appellate Division ultimately reversed Supreme Court's Dismissal Order, such reversal occurred only after title had been conveyed to Gokhvat. At that point, because the dismissal on the merits was followed by a conveyance of the property to a third party, Supreme Court no longer had, or could regain, the power to affect the Property/*res*. Reversal of the Dismissal Order could not reinstate Supreme Court's jurisdiction over the res. *See id.*(CPLR 5523 "insulate[s] the title of a person who purchased after entry of final judgment from the effects of an appellate reversal"). As noted by the *Da Silva* Court, under New York law, US Bank's remedy in these circumstances is purely monetary; a remedy that would affect the *res* is simply beyond the jurisdiction of the state court. *See id.* (the claimant/successful appellant "must content itself with the remedies afforded by CPLR 5523, *i.e.*, restoration of the value or purchase price already paid"). In sum, because the Appellate Division reversed the Dismissal Order only after the property was conveyed, post-dismissal, to a third-party, the State Court was divested of, and could not regain, jurisdiction over the *res*.

### iii. Inasmuch As Gokhvat Has Never Been A Party To The State Court Foreclosure Action, The State Court Does Not Have Any Jurisdiction Over The "*Res*" (The Property)

"[W]here a person with an interest in real property is not joined as a party to an action to foreclose a mortgage on that property, that person's rights are left

unaffected by the judgment of foreclosure and sale." *Jamison v Acquai*, 128 AD3d 775, 776 [2d Dept 2015]. In other words, in order for a mortgage foreclosure action to affect title to a property, the property owner *must* be made a party to the action.[5] Thus, once title was conveyed to non-party Gokhvat, there were no longer any parties to the state court action with a fee interest in the Property, and the court no longer had jurisdiction over the *res*.

Where, as in the State Court foreclosure proceeding, the property owner is not a party to a foreclosure action, even the issuance of a judgment of foreclosure and sale, and the delivery of a referee's 'deed', result only in an assignment of the mortgage, rather than a conveyance of title that the court simply lacks jurisdiction to order. *See Barson v Mulligan*, 191 NY 306, 320 [1908] ("a purchaser at a foreclosure sale, defective and void against the owner of redemption, because he was not made a party to the foreclosure action, becomes assignee of the mortgage"). For this additional reason, the state court did not have jurisdiction over the Property once the same was conveyed to Gokhvat, and has never regained such jurisdiction, inasmuch as Gokhvat has never been joined to that action. The "prior exclusive jurisdiction" doctrine is inapplicable.

---

[5] This principle does not apply in a *tax foreclosure* proceeding. In a tax foreclosure proceeding, the court *can* affect title to the property even without joinder of the owner. This distinction is one of the reasons that a tax foreclosure proceeding is *in rem,* whereas a mortgage foreclosure proceeding is not *in rem*. *See* Point I(A)(ii)*; Hetelekides*, 39 NY3d at 233.

### iv.   Since The State Court Foreclosure Action Has Culminated In A Judgment And Is No Longer Pending, The "Prior Exclusive Jurisdiction" Doctrine Is Not Applicable

A foreclosure action is deemed final once a judgment of foreclosure and sale is entered.  *See RSS WFCM 2018-C44-NY LOD, LLC v 1442 Lexington Operating DE LLC*, 59 F4th 586, 590-91 [2d Cir. 2023] ("Once a judgment of foreclosure and sale is entered, it is generally final because all that remains to be done is executing the judgment to enforce the rights and obligations that have been adjudicated").

Here, the state court action is not still pending; a judgment of foreclosure and sale has been entered and the action is final. *See Disa Realty, Inc v Rao,* 198 AD3d 869, 869 [2d Dept 2021] ("a final judgment of foreclosure and sale already had been entered in [the 107-07] action. Under those circumstances, the 107-07 action was not a pending action").

As there is not a pending state court action, the "prior exclusive jurisdiction doctrine" is not applicable. To argue otherwise would be to say that once a court (here, the state court) has assumed jurisdiction over a *res*, all federal courts are forever barred from considering a case about that *res* — even after the initial action is over.  In other abstention contexts, federal courts have repeatedly held that abstention is not applicable where, as here, the state court foreclosure action has culminated in a judgment.  *See Gustavia Home LLC v Brown,* 2017 US Dist LEXIS 150270 at *3-4 [SDNY Sep 15, 2017] ("the state court entered a Judgment of

Foreclosure and Sale…Reliance on the prior pending action doctrine is misplaced where [the] state court case is no longer pending"); *Kupfer v Residential Mtge. Solution, LLC*, 19-cv-2738, 2020 US Dist LEXIS 267377, at \*14-15 [EDNY Nov. 30, 2020]; *Almazon v JPMorgan Chase Bank, NA*, 19-cv-4871, 2020 US Dist LEXIS 41668, at \*18-19 [SDNY Mar. 9, 2020].

**C.    A Federal Court May Not Abstain From Granting
        A Remedy Recognized Under Common Law**

"A judicially created rule of abstention must yield to a statutory duty to rule under Congress' grant of jurisdiction…[C]ourts have…no discretion to withhold a remedy required by common law." *Cathedral of the Incarnation v Garden City Co.,* 99 F3d 66, 69 [2d Cir. 1996]. An action seeking to quiet title under Article 15 of the RPAPL is an action seeking relief under principles recognized in common law. *See 53rd St. LLC v US Bank NA,* 8 F4th 74, 77 [2d Cir. 2021] ("Article 15 of New York's RPAPL codifies the common law action to quiet title"). Here, because Congress has "grant[ed]…jurisdiction", under 28 U.S.C. §1332, to adjudicate this dispute, no abstention principle affords this court the "discretion to withhold [the] remedy required by the common law." *Cathedral of the Incarnation,* 99 F3d at 69.

**POINT II**

**THE DISTRICT COURT ERRED IN DISMISSING
THE COMPLAINT WITHOUT NOTCE
PURSUANT TO FED. R. CIV. P. 12(b)(1) UNDER THE
"PRIOR EXCLUSIVE JURISDICTION" DOCTRINE**

Defendant moved, under Fed. R. Civ. P. 12(b)(6), to dismiss the complaint, based on its contention that the complaint failed to state a claim. The District Court incongruously resolved the motion by dismissing on the ground that the "prior exclusive jurisdiction" doctrine barred maintenance of the action.

But the prior exclusive jurisdiction doctrine was not raised by the defendant as a ground for dismissal — and, indeed, could not have been raised under Fed. R. Civ. P. 12(b)(6), the sole statute under which Defendant moved, which does not appertain to abstention/jurisdictional issues.

Moreover, the Court — which had already formally declared, in a prior order, that abstention was inappropriate, and that jurisdiction would be *retained* — afforded the parties no warning that abstention would be considered a *second* time, and under an abstention doctrine that neither party had briefed, and which the court had not previously raised. Accordingly, the District Court erred, and its Order should be reversed.

### i. A Motion To Dismiss For Failure To State A Claim, Under Fed. R. Civ. P. 12(b)(6), Cannot Be Resolved On Jurisdictional/Abstention Grounds

Dismissal pursuant to an abstention doctrine is treated as jurisdictional. *See Martino v N.Y. State Dep't of Taxation,* 2023 US App LEXIS 6501, at *9 [2d Cir Mar. 20, 2023, No. 22-720] ("abstaining from a case on comity grounds is closely linked to jurisdictional concerns"); *see also Steel Co. v Citizens for a Better Env't,*

33

523 US 83, 100 n*3 [1998] (noting that *Younger* abstention doctrine is "treated as jurisdictional.") Thus, a motion to dismiss on abstention grounds must be brought under Fed. R. Civ. P. 12(b)(1). Here, by contrast, the motion to dismiss was brought only under Fed. R. Civ. P. 12(b)(6). The District Court's should not have granted a motion to dismiss, brought under Fed. R. Civ. P. 12(b)(6), on jurisdictional/abstention grounds.

### ii.   The Court Adjudicated The Motion To Dismiss On Grounds Neither Party Had Argued

More importantly, neither party argued the applicability or non-applicability of the "prior exclusive jurisdiction" doctrine, and the Court afforded the parties no warning that such doctrine would be considered as a basis for dismissal.

Rather, in moving to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), Defendant effectively sought dismissal on the merits. It argued that contrary to the allegations in the complaint, the limitation period to foreclose the mortgage had not expired, and that as such, the Complaint, which sought discharge of the Mortgage on the grounds that the such limitations period *had* expired, failed to state a claim.  Defendant *did not* argue that the pendency of the state court foreclosure action required the District Court to abstain from exercising jurisdiction over this action under the "prior exclusive jurisdiction" doctrine — the ground ultimately relied upon by the Court.

The District Court's dismissal, pursuant to a legal doctrine that had not been

34

raised, and (effectively) under a statute pursuant to which the Defendant had not moved, was error. *See, e.g., Greenlaw v United States*, 554 US 237, 243 [2008]. ("In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assigned to courts the role of a neutral arbiter of <u>matters the parties present</u>"). (emphasis supplied)

### iii. The Court Had Previously Decided To Retain Jurisdiction, And Gave No Warning That Abstention Would Be Reconsidered; The Court Also Contravened Its Prior Practice Of Affording The Parties An Opportunity To Address Abstention

The District Court's failure to provide advance notice to the parties that it was considering dismissing this action under the "prior exclusive jurisdiction" doctrine, and its concomitant failure to provide the parties with an opportunity to brief why dismissal on those grounds was or was not proper, was particularly egregious in light of the history of this particular case.

On December 14, 2021 (over a year prior to the issuance of the Opinion and Order) the Court reserved decision on Defendant's motion to dismiss, and *sua sponte* directed the parties to brief the applicability of the *Colorado River* abstention doctrine. (JA 340:1). In accordance with the Court's directive, each party then briefed the applicability or non-applicability of abstention under *Colorado River*.

35

The District Court then resolved its interim, *sua sponte* motion by determining that abstention was inappropriate, and that jurisdiction would be retained. (JA 341-349).In the same order, the Court invited Defendant to re-submit its motion to dismiss if it be so advised, which Defendant did. *See id.*

Curiously, it was in the adjudication of the motion to dismiss <u>for failure to state a claim</u>, rendered after the Court had already previously ruled that abstention was <u>inappropriate</u>, that the Court decided to abstain on "prior exclusive jurisdiction" grounds. Again, no warning was given to the parties in advance of the Dismissal Order that abstention would be re-considered (after the Court had previously formally elected to retain jurisdiction in the August 25, 2022 order), or that abstention would be considered under a doctrine that no one — not the parties, and not the Court — had discussed or briefed.

With an abstention determination in Gokhvat's favor, and a motion to dismiss on entirely different grounds (addressed to the sufficiency of Gokhvat's pleading), Gokhvat was blindsided by the District Court's determination to dismiss on "prior exclusive jurisdiction" abstention grounds. It was fair for Gokhvat to assume that the abstention issue was not then before the District Court, since the District Court had previously furnished notice, sought briefing and rendered a decision on an abstention doctrine (*Colorado River*). Neither the Bank nor Gokhvat were still addressing abstention at that point, and the focus of the only motion pending before

36

the District Court was the sufficiency of Gokhvat's pleading. For the District Court to then consider a separate abstention doctrine, without warning, notice or an opportunity to address the issue, on grounds that had not been briefed, and in response to a motion that solely addressed the sufficiency of Gokhvat's pleading, deprived Gokhvat of due process.

The District Court's dismissal of this action on a ground which neither party advanced, and which neither party had an opportunity to brief, or had warning would be considered, standing alone, requires reversal of the Judgment and the Opinion and Order. "Due process requires notice and an opportunity to be heard." *Lyttle v Garland,* 2023 U.S. App. LEXIS 6860, at *4 [2d Cir. Mar. 22, 2023, No. 21-6389]. Neither was provided here.

**POINT III**

**THE COMPLAINT STATES A CLAIM**
**FOR RELIEF AGAINST US BANK**
**UNDER RPAPL ARTICLE 15**

The parties briefed whether the Complaint sufficiently plead a cause of action to discharge the mortgage as time-barred under RPAPL 1501(4) and to quiet title under RPAPL §1501(1) before the District Court. Hence the record on appeal is sufficiently developed for this Court, in the interests of judicial economy, to determine whether the Complaint states a claim for relief under Fed. R. Civ. P. 12(b)(6), in lieu of remanding the motion to the District Court for a determination of

that issue. *See Gelboim v Bank of Am. Corp.*, 823 F3d 759, 780-81 [2d Cir. 2016].

**A.     The Complaint States A Claim
        That Enforcement Of The Mortgage
        Is Time-Barred As Against Gokhvat
        Under RPAPL §1501(4)**

"To discharge a mortgage pursuant to § 1501(4), a plaintiff must demonstrate: 1) that it has an estate or interest in the real property; 2) that all necessary parties to the action were joined; and 3) that the applicable statute of limitations for commencing a foreclosure action has expired without the commencement of a foreclosure action." *53rd St., LLC v U.S. Bank N.A.*, 8 F4th 74, 78 [2d Cir. 2021]. The Complaint recites Gokhvat is the fee owner of the Property and that US Bank is the owner and holder of the Mortgage according the public land records. Hence, Gokhvat has sufficiently plead the first two elements. *See Howard v Murray*, 38 NY2d 695, 699 [1976].

RPAPL §1501(4), which empowers anyone with an interest in property to seek discharge of a time-barred mortgage, authorizes such a cause of action as soon as the limitations period for commencement of a foreclosure action against the claimant has expired. Once the limitations period has passed, "rights under RPAPL §1501(4) to discharge and cancellation of the mortgage *have vested*" in the claimant, (*Everhome Mtge. Co. v Aber,* 195 AD3d 682, 686 [2d Dept 2021], affd 39 NY3d 639 [2022]), and he "may commence an action to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff

38

in such real property to be free therefrom." *Freedom Mtge. Corp. v Engel,* 37 NY3d

1, 25 n*7 [2021].

Gokhvat has sufficiently plead that an action to foreclose the Mortgage is

time-barred as to Plaintiff and hence that the Mortgage shall be discharged under

RPAPL §1501(4).  An action to foreclose a mortgage is subject to a six-year statute

of limitations. *See* CPLR 213[4]; *U.S. Bank N.A. v Doura*, 204 AD3d 721, 722 [2d

Dept 2022].  "'[O]nce a mortgage debt is accelerated, the entire amount is due and

the Statute of Limitations begins to run on the entire debt'".  *Nationstar Mtge., LLC*

*v Weisblum,* 143 AD3d 866, 867 [2d Dept 2016].  "An acceleration of a mortgage

debt can occur when a creditor commences an action to foreclose upon a note and

mortgage and seeks, in the complaint, payment of the full balance due". *Doura*, 204

AD3d at 722.

Here, US Bank accelerated the mortgage on May 21, 2010, with its

commencement of the First Foreclosure Action.  See  *Doura*, 204 AD3d at 722.

Since no action to foreclose the mortgage is pending *against Gokhvat*, and more than

six years has elapsed since the acceleration of the mortgage on May 21, 2010,

Gokhvat states a claim for relief that an action to foreclose the mortgage is time-

barred as against Gokhvat.  *See BH263, LLC v Bayview Loan Servicing, LLC*, 175

AD3d 1375, 1376 [2d Dept 2019] (holding plaintiff stated a cause of action under

RPAPL §1504 by alleging that it was the current owner of the property, that

acceleration of the full debt occurred upon filing a foreclosure action and that, the statute of limitations expired six years later).

**B.    Gokhvat States A Claim To**
**Quiet Title Under RPAPL §1501(1)**

Gohkvat states a claim to quiet title to the Property under RPAPL 1501(1). See *Barberan v Nationpoint*, 706 F. Supp. 2d 408, 419 [SDNY 2010]. Gokhvat adequately describe the Property, including its address. (JA 211 at ¶1; JA 125 ¶1). Gokhvat also claims absolute ownership of the Property, describing its interest as superior to the Property. (JA 126 at ¶¶3, 9). Gokhvat further alleges that Defendants claim an interest in the Property adverse to Gokhvat's interest through the alleged mortgage, note, and assignment. (JA 129-130 at ¶¶32, 42). Thus, Gokhvat has adequately alleged facts supporting an RPAPL Article 15 claim against Defendants. *See Barberan,* 706 F. Supp. 2d at 419; *Hurley v Hurley,* 50 NY2d 78, 83 [1980].

Here, Gokhvat has adequately alleged that it paid value for the Property, following the Dismissal Order, when there was no notice of pendency or stay prohibiting transfer of the Property. Thus, Gokhvat is akin to the purchasers in *Lowenstein v Reikes,* 258 NY 444 [1932], *Malco Realty Corp. v Westchester Condos, LLC,* 114 AD3d 413 [1st Dept 2014] and *P.A.C.W.S. Ltd. v Reineke,* 175 AD2d 154 [2d Dept 1991]. In the foregoing cases, the respective plaintiff sued to divest a defendant property owner of its interest in realty. In each case, the plaintiff's claim

was dismissed, the notice of pendency was canceled, and the defendant subsequently sold the property. Although the respective plaintiffs subsequently appealed (and, in *Lowenstein,* and *Malco* succeeded in reversing or modifying) the adverse order, the grantee was deemed unaffected by the appeal, because absent a notice of pendency or stay, the grantee could rely on the final determination of the trial court. *See also Grid Realty Corp. v Fazzino,* 55 AD2d 635, 636 [2d Dept 1976] *aff'd for reasons stated by A.D.* 42 NY2d 1048 [1977] (a "purchaser for value, who in good faith acquires title…and records the deed pursuant thereto, has a right to the property superior to any claim derived through a subsequently entered judgment"); *see also* CPLR 5523 (insulating good faith purchaser for value from effects of appellate reversal of order or judgment affecting title to real property; successful appellant relegated to seeking "the value or the purchase price restored or deposited in court").

## POINT IV

### GOKHVAT HAS A STATUTORY RIGHT TO HAVE ITS QUIET TITLE CLAIMS HEARD IN FEDERAL COURT

Federal courts are obligated to decide cases within the scope of federal jurisdiction. "Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Sprint Communs., Inc. v Jacobs,* 571 US 69, 72 [2013]. "Where a federal court properly has subject matter jurisdiction, it has a virtually unflagging obligation to exercise that jurisdiction, even if an action

41

concerning the same matter is pending in state court." *Sheerbonnet, Ltd. v Am. Express Bank,* 17 F3d 46, 49 [2d Cir. 1994].

Here there is no question that the District Court had subject matter jurisdiction on diversity jurisdiction grounds to entertain this quiet title action. Gokhvat has a statutory right to have its quiet title claims heard, and it is unjust for the District Court to have abstained. The right to one's day in court is particularly pronounced here, where Gokhvat has, and had, no opportunity to have its claims heard in the state court (which action is now finished, and in which Gokhvat was never joined) and where the Bank is endeavoring to harm Gokhvat by proxy, via a state court foreclosure proceeding in which it has consciously elected to avoid Gokhvat being made a party. "[I]n properly seeking to deny a litigant two 'days in court', courts must be careful not to deprive him of one". *Criales v Am. Airlines,* 105 F3d 93, 98 [2d Cir [1997]. The Court should not decline to afford Gokhvat its day in court.

## CONCLUSION

The District Court erred in *sua sponte* dismissing the Complaint under Fed. R. Civ. P. 12(b)(1). The District Court deprived Gokhvat of the notice and the opportunity to be heard which is the cornerstone of due process. As a matter of fundamental fairness, the Judgment and the Opinion and Order must be reversed on this basis alone.

On the merits, the District Court erred in holding that an action to quiet title

42

to real property under RPAPL Article 15, and an action to foreclose a mortgage upon real property are both "*quasi in rem*" proceedings, such that a federal district court must abstain from exercising jurisdiction over the later commenced action under the "prior exclusive jurisdiction" doctrine. For this additional reason, the Judgment and the Opinion and Order should be reversed.

The District Court granted the Bank's motion to dismiss solely on the grounds of the "prior exclusive jurisdiction" doctrine. Since the Complaint states a claim for relief under RPAPL Article 15, in the interests of judicial economy, this Court shall deny the Bank's motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), in lieu of remanding the motion to the District Court.

The Judgment and the Opinion and Order should be reversed and the Bank's motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) should be denied.

Dated:      Garden City, New York
            July 17, 2023

                                  **ROSENBERG FORTUNA & LAITMAN, LLP**

                                  By:   */s/ Anthony R. Filosa*
                                          **ANTHONY R. FILOSA**
                                          Attorneys for **Appellant Gokhvat Holdings LLC**
                                          666 Old Country Road, Suite 810
                                          Garden City, New York 11530
                                          (516) 228-6666

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit, Typeface Requirements and Type-Style Requirements.

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 10,125 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word (2019/Office) in 14-point font, Times New Roman.

Dated: Garden City, New York
July 17, 2023

**ROSENBERG FORTUNA & LAITMAN, LLP**

By: _/s/ Anthony R. Filosa_

**ANTHONY R. FILOSA**
Attorneys for **Appellant**
**Gokhvat Holdings LLC**
666 Old Country Road, Suite 810
Garden City, New York 11530
(516) 228-6666

44

Special Appendix

i

# TABLE OF CONTENTS
*(Special Appendix)*

Opinion and Order of Hon. Lorna G. Schofield,
Dated January 24, 2023, Appealed From..................................................SPA-1

Judgment of the United States District Court; Southern District
of New York (Schofield, USDJ), Dated January 25, 2023,
Appealed From..............................................................................SPA-8

Notice of Appeal, Dated February 23, 2023 .............................................SPA-9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                          :
GOKHVAT HOLDINGS LLC,                                     :
                                      Plaintiff,          :
                                                          :           21 Civ. 2558 (LGS)
              -against-                                    :
                                                          :           OPINION AND ORDER
U.S. BANK NATIONAL ASSOCIATION, et al.,                  :
                                      Defendants.         :
                                                          :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Plaintiff Gokhvat Holdings LLC ("Gokhvat") seeks to quiet title to real property under

Article 15 of New York's Real Property Actions and Proceedings Law ("RPAPL"), § 1501(1)

and § 1501(4). Defendant U.S. Bank National Association ("U.S. Bank") moves to dismiss the

Amended Complaint (the "Complaint") for failure to state a claim pursuant to Federal Rule of

Civil Procedure 12(b)(6). For the reasons below, the motion is granted.

## I.    BACKGROUND

Familiarity with the factual background is assumed. Most of the relevant facts are recited

in the Court's opinion addressing the parties' cross-motions on *Colorado River* abstention. *See*

*Gokhvat Holdings LLC v. U.S. Bank Nat'l Ass'n*, No. 21 Civ. 2558, 2022 WL 3668270

(S.D.N.Y. Aug. 25, 2022) ("*Gokhvat I*"). Capitalized terms herein that are not defined have the

meaning prescribed in that opinion. Below is a brief summary, including developments since the

prior opinion.

### A. The Complaint in this Action

Plaintiff seeks a declaratory judgment that it is the rightful title holder of the Property

under the RPAPL, sections 1501(1) and 1501(4). Section 1501(1) allows claimants to "compel

determination of any claim adverse to that of the plaintiff which the defendant . . . might make." Specifically, Plaintiff argues that U.S. Bank's mortgage is unenforceable because "the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired." RPAPL § 1501(4). An action to foreclose a mortgage is subject to a six-year statute of limitations. CPLR § 213(4). "Even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due, and the Statute of Limitations begins to run on the entire debt." *Nationstar Mortg., LLC v. Weisblum*, 39 N.Y.S.3d 491, 493 (2d Dep't 2016). CPLR § 205, however, permits a plaintiff to "commence a new action upon the same transaction . . . within six months after the termination" of an earlier, timely-filed action, unless the earlier action was terminated on one of several enumerated grounds.

The Complaint alleges that the statute of limitations began to run on May 21, 2010, when the First Foreclosure Action was commenced and the debt accelerated. The First Foreclosure Action was dismissed on March 27, 2018. The Second Foreclosure Action was commenced on August 20, 2018. The Supreme Court initially dismissed the Second Foreclosure Action on the ground that it was untimely. On March 25, 2021, the Appellate Division reversed, holding that the Second Foreclosure Action was timely pursuant to CPLR 205(a), which permits a plaintiff to "commence a new action upon the same transaction . . . within six months after the termination" of an earlier, timely-filed action, except in certain inapplicable circumstances. After the Supreme Court had dismissed the Second Foreclosure Action, and about one week before the Appellate Division reinstated it, on March 17, 2021, the then-owner conveyed the Property, an apartment at 20 West Street, to Gokhvat for $125,000. Gokhvat commenced this action on March 24, 2021.

2

Gokhvat seeks cancellation and discharge of U.S. Bank's mortgage or a declaration that the mortgage is unenforceable. The Complaint alleges in sum that Plaintiff is entitled to rely on the trial court decision cancelling the notice of pendency, and holding that the mortgage was time-barred and barring U.S. Bank from commencing a foreclosure action. Gokhvat maintains that the Appellate Division's subsequent reversal of that decision and holding that the mortgage is not time-barred does not affect Gokvhat's interest in the Property.

### B. The State Court Action

The Second Foreclosure Action brought by U.S. Bank to foreclose on the Property is still being defended by Gordons, the predecessor in interest to Gokhvat. At the time the prior opinion was issued, the state court in the Second Foreclosure Action had vacated a prior order that had granted U.S. Bank summary judgment and found that Gordons lacked standing to defend the action because of the transfer to Gokhvat. The state court also had denied without prejudice both Gordons's motion to dismiss based on U.S. Bank's failure to substitute Gokhvat and U.S. Bank's cross-motion to substitute Gokhvat. Gordons had filed a renewed motion to reject a prior referee's report on the amount owed under the mortgage, and U.S. Bank had cross-moved to confirm that report and enter judgment of foreclosure and sale. Those motions remain pending.

Since then, Gordons filed a motion to renew its prior opposition to U.S. Bank's motion for summary judgment based on an intervening change in the law. On June 16, 2022, the New York Court of Appeals held that CPLR 205(a) "'applies *only* where the second action is brought by the same plaintiff' or an estate representative." *ACE Sec. Corp. v. DB Structured Prods., Inc.*, 197 N.E.3d 978, 983 (N.Y. 2022). This decision rejected a rule that had been widely followed that "authorize[d] commencement of a new action by any entity seeking to pursue the 'same rights' as the prior plaintiff." *Id.* Gordons argues that this change in law requires a different

3

outcome than that reached by the Appellate Division in reinstating U.S. Bank's Second

Foreclosure Action pursuant to that savings statute. Gordons's motion is pending.

## II.      LEGAL STANDARDS

Pursuant to "the 'prior exclusive jurisdiction' doctrine," if "two suits are in rem, or quasi

in rem[,] the jurisdiction of one court must yield to that of the first to consider the action."

*Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896 F.3d 174, 191-92 (2d Cir. 2018) (cleaned

up). "Although it is a principle of comity, in the nature of an abstention doctrine, [this] rule is no

less binding on federal courts." *Carvel v. Thomas & Agnes Carvel Found.*, 188 F.3d 83, 86 (2d

Cir. 1999); *accord Leopard Marine*, 896 F.3d at 192. "[T]his doctrine applies in any suit 'where,

to give effect to its jurisdiction, the court must control the property.'" *Carvel*, 188 F.3d at 86.

The prior exclusive jurisdiction doctrine does not apply, however, where one of the actions is *in*

*personam* and "merely adjudicates *rights* in the res." *Leopard Marine*, 896 F.3d at 193.

## III.     DISCUSSION

The Court abstains from exercising jurisdiction over this action because of the "binding"

nature of the prior exclusive jurisdiction doctrine where two suits are "in rem, or quasi in rem."

*Carvel*, 188 F.3d at 86. "A foreclosure action is an *in rem* proceeding." *F.D.I.C. v. Four Star*

*Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999); *accord Marrero v. U.S. Bank Nat'l Ass'n*, No. 21

Civ. 11182, 2022 WL 4072936, at *7 (S.D.N.Y. Sept. 2, 2022). While the U.S. Supreme Court

once stated that "quiet title actions are *in personam* actions," that is not always the case.

*Compare Nevada v. United States*, 463 U.S. 110, 143 (1983), *and Windward Bora, LLC v. Bank*

*of New York Mellon*, No. 19 Civ. 858, 2020 WL 7042761, at *5 (E.D.N.Y. Nov. 30, 2020), *with,*

*e.g.*, *Upper Skagit Indian Tribe v. Lundgren*, 138 S. Ct. 1649, 1652 (2018) (discussing "cases

where a judge 'exercis[es] in rem jurisdiction' to quiet title in a parcel of land"); *V&A*

4

*Collection, LLC v. Guzzini Props. Ltd.*, 46 F.4th 127, 131 (2d Cir. 2022) (addressing "an in rem action to quiet title" to a painting).  While there appears to be no binding precedent from New York's highest court on the question, the Court of Appeals likely would conclude that an action under Article 15 of the RPAPL is *in rem* or *quasi in rem*.  *Cf. Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (answering in the affirmative the Ninth Circuit's certified question whether a quiet title action under a similar statute was *quasi in rem*, and collecting cases).  *But see Windward Bora*, 2020 WL 7042761, at *5 (reaching the opposite conclusion with respect to RPAPL § 1501); *Barricello v. Wells Fargo Bank, N.A.*, No. 13 Civ. 12795, 2015 WL 13684876, at *4 (D. Mass. Mar. 16, 2015) (same with respect to a similar statute).

The instant action may not be *in rem* both because it is not brought directly against the Property, and because it will determine the rights of only the parties in the Property, not of the whole world.  *See Oneida Indian Nation of Wis. v. State of New York*, 732 F.2d 261, 265 (2d Cir. 1984) ("Ordinarily a judgment in an ejectment or quiet title action will not affect the interests of others than the parties or those in privity with them. Such actions do not operate *in rem* upon the land itself . . . .").  This action is likely *quasi in rem*, however, as it is "brought to determine or establish interests in the property with respect to specific persons."  Restatement (Second) of Judgements § 30, *cmt.* (a); *see* Restatement (Second) of Conflict of Laws § 95, *cmt.* (f); *Shaffer v. Heitner*, 433 U.S. 186, 199 n.17 (1977) (describing as "quasi in rem" an action "seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons").  New York cases and treatises are in accord with this general rule.  *See Gager v. White*, 425 N.E.2d 851, 854 (N.Y. 1981) (describing actions "to establish or extinguish claims to or in particular property" as *quasi in rem*); *Majique Fashions,*

*Ltd. v. Warwick & Co., Ltd.*, 414 N.Y.S.2d 916, 920 (1st Dep't 1979) ("In rem jurisdiction . . .

involves an action in which a plaintiff is after a particular thing, rather than seeking a general

money judgment, that is, he wants possession of the particular item of property, or to establish

his ownership or other interest in it, or to exclude the defendant from an interest in it."); Patrick

M. Connors, *Siegel, N.Y. Prac.* § 101 (6th ed.), Westlaw (database updated Dec. 2022) (listing

"an action to quiet title" as among an "'in rem' category of action" that "produces a judgment

binding only on those who have been named as parties and duly notified"); 8B Carmody-Wait

2d, *N.Y. Prac.* § 63:209, Westlaw (database updated Nov. 2022) ("[A] judgment quasi in rem

affects the interests of particular persons in designated property."); 73 N.Y. Jur. 2d, Judgments §

152, Westlaw (database updated Nov. 2022) (same).

　　Article 15 of the RPAPL further supports that actions under § 1501 are *quasi in rem* and

not *in personam*. The statute contemplates suits against persons "unknown" who could not be

personally served with process. § 1501(1); *see* § 1501(4); § 1513 (providing for appointment of

a guardian ad litem). The statute does not permit the plaintiff to bring an action against

whichever defendants plaintiff chooses, but rather requires that persons in possession of the

property be made a party. § 1511(1). The statute expressly contemplates service of process

being made by publication, which is generally restricted to *in rem* and *quasi in rem* actions in

New York. *See* § 1519(2); CPLR 314(2), 315; *Holmes v. Camp*, 114 N.E. 841, 844 (1916)

("[S]uch an action as this affecting the apparent title and true ownership of that interest is one in

the nature of a proceeding in rem which may be entertained by our courts, and in which . . .

jurisdiction of a nonresident defendant may be obtained by service of a summons by

publication."). And the statute limits the effect of a judgment to determining title to the property,

with no provision for money damages or any other form of relief. RPAPL § 1531(1).

The foregoing features also distinguish Article 15 actions from the action at issue in *Leopard Marine*, which was brought under the federal Declaratory Judgment Act and concerned property in Panama and outside New York. 896 F.3d at 181. *Leopard Marine* held that an action that "merely adjudicates *rights* in the res" may be *in personam*, as it was in that case. *Id.* at 193. But the statutory cause of action here contemplates jurisdiction over the property itself. Because the state court has prior exclusive jurisdiction over the Property, this Court's jurisdiction must yield, and this case is dismissed on abstention grounds.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 54 and close the case.

Dated: January 24, 2023
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

7

**[SPA-8]**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
GOKHVAT HOLDINGS LLC,

                Plaintiff,

     -against-                                    21 **CIVIL** 2558 (LGS)

                                          **JUDGMENT**

U.S. BANK NATIONAL ASSOCIATION, et al.,

                Defendants.
------------------------------------------------------------X

        It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons

stated in the Court's Opinion and Order dated January 25, 2023, Defendants' motion to dismiss is

GRANTED; accordingly, the case is closed.

**Dated:** New York, New York

      January 25, 2023

                                      **RUBY J. KRAJICK**

                               _____

                                        **Clerk of Court**

         **BY:**               K. Mango

                                _____

                                          **Deputy Clerk**

**[SPA-9]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
GOKHVAT HOLDINGS LLC,

                              Plaintiff,

              -against-                    **NOTICE OF APPEAL**

U.S. BANK NATIONAL ASSOCIATION,      Case No.: 1:21-cv-02558-LGS
SUCCESSOR TRUSTEE TO BANK OF
AMERICA, NATIONAL ASSOCIATION AS
SUCCESSOR BY MERGER TO LASALLE
BANK NA AS TRUSTEE FOR
WASHINGTON MUTUAL MORTGAGE
PASS-THROUGH CERTIFICATES WAMU
SERIES 2007-OA4 TRUST; BANK OF
AMERICA, NATIONAL ASSOCIATION AS
SUCCESSOR BY MERGER TO LASALLE
BANK NA AS TRUSTEE FOR
WASHINGTON MUTUAL MORTGAGE
PASS-THROUGH CERTIFICATES WAMU
SERIES 2007-0A4 TRUST,

                           Defendants.
--------------------------------------------------------------X

       **PLEASE TAKE NOTICE THAT** Plaintiff Gokhvat Holdings LLC appeals to the

United States Court of Appeals for the Second Circuit from the annexed final Judgment entered

on January 25, 2023 [ECF Doc. No. 56] and from each and every part thereof.

Dated: Garden City, New York
       February 23, 2023

                              **ROSENBERG FORTUNA &**
                              **LAITMAN, LLP**

                              *Anthony R. Filosa*

              By:       _____
                              **ANTHONY R. FILOSA**
                              Attorneys for **Plaintiff**
                              666 Old Country Road, Suite 810
                              Garden City, New York 11530
                              (516) 228-6666